**David WISSMAN, Petitioner,**

v.

**SOCIAL SECURITY ADMINISTRATION, Respondent.**

**Appeal No. 87–3528.**

United States Court of Appeals, Federal Circuit.

May 31, 1988.

Barrie M. Shapiro, Minahan & Shapiro, P.C., Lakewood, Colo., argued for petitioner.

Anthony H. Anikeeff, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Mary Mitchelson, Asst. Director. Also on the brief was Arnold S. Battise, Asst. Regional Counsel, Office of the Gen. Counsel, Dept. of Health and Human Services, Dallas, Tex., of counsel.

Before MAYER, Circuit Judge, SKELTON and BALDWIN, Senior Circuit Judges.

MAYER, Circuit Judge.

## OPINION

David Wissman challenges an arbitrator's award sustaining his removal from federal service, No. 87K02158 (Aug. 5, 1987), because the arbitrator failed to set out specific findings of fact. We affirm.

### Background

Wissman was removed from his position as a social insurance representative/claims representative with the Social Security Administration (SSA). Through his union, he challenged the removal under the arbitration process established by the collective bargaining agreement between the SSA and the union. The issue for the arbitrator was whether "the termination of David Wissman for unacceptable performance [was] proper in accordance with applicable law, regulations and negotiated agreement? If not, what shall the remedy be?" The arbitrator held a hearing, at which he received testimony and documentary evidence, and issued his award sustaining Wissman's removal. On this appeal, Wissman challenges only the adequacy of the arbitrator's explanation of his award. He says the arbitrator erred by failing to make specific findings about the incidents of unacceptable performance relied upon by the SSA to support his removal, and says the arbitrator was bound by Merit System Protection Board (board) precedent requiring that its subordinate administrative judges make specific findings in their opinions.

### Discussion

Federal employees who are also union members may challenge removal either by direct appeal to the board or through arbitration. 5 U.S.C. § 7121(e)(1). Wissman was advised of his right to appeal to the board, and was on notice of the differences between procedures followed by the board, *see* 5 C.F.R. part 1201, and in arbitration. He elected to proceed with the arbitration in accordance with the terms of the collective bargaining agreement. By choosing arbitration, Wissman selected a dispute resolution method that is generally "faster,

cheaper, [and] less formal" than litigation. *Devine v. White*, 697 F.2d 421, 435 (D.C. Cir.1983). With its advantages, however, also come some disadvantages associated with the alacrity and informality with which arbitration proceedings are conducted.

Wissman's contention that the arbitrator should have made specific findings of fact for each incident of unacceptable performance supporting his removal is unsound. The only procedures an arbitrator must follow are those specified in the collective bargaining agreement, in the submission of the parties to the arbitrator, or required by statute. Otherwise, the arbitrator and the parties may agree on the procedures and the manner of reporting the award. If there is no contractual or statutory obligation, an arbitrator is not required to set forth findings of fact, much less the specific findings Wissman demands here. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 244 n. 4, 82 S.Ct. 1318, 1322 n. 4, 8 L.Ed.2d 462 (1962); *United States Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

The collective bargaining agreement does not require the arbitrator to make findings of fact. The article governing the arbitration procedure merely provides that the "procedures used to conduct the arbitration shall be determined by the arbitrator," and the "arbitrator's decision shall be final and binding." According to this article, the award need not even be in writing. If the parties had proceeded under the bargaining agreement's expedited arbitration procedures, which they did not, the arbitrator would have been required to submit "a brief written explanation of the decision." But even there, no specific findings of fact are required. In short, nothing in the bargaining agreement, or in the parties' submission, to which Wissman contributed, or could have, required specific findings.

Wissman's right to elect arbitration instead of a board appeal was given in the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95–454, 92 Stat. 1211. *See* 5 U.S.C. § 7121(e)(1). Nothing in the CSRA, however, suggests that Wissman has a procedural right to a specific form of an arbitration award. To be sure, in cases about removal for unacceptable performance, arbitrators must follow the same "substantive rules" as the board, including its regulatory interpretations. *Cornelius v. Nutt*, 472 U.S. 648, 660, 105 S.Ct. 2882, 2889, 86 L.Ed.2d 515 (1985); *see Horner v. Lucas*, 832 F.2d 596, 598 (Fed.Cir.1987). But the "substantive rules" to which *Cornelius* pertains are matters like the standard of review for substantial evidence and the harmful error rule. Indeed, even before *Cornelius*, arbitrators were bound by the CSRA to apply the substantial evidence and harmful error rules reflected in section 7701(c)(1) & (2). *See* 5 U.S.C. § 7121(e)(2). *Cornelius* merely added the requirement that arbitrators also adhere to the board's interpretation of those substantive rules. But this has nothing to do with rules of practice and procedure which the board may implement for its own internal purposes. Accordingly, nothing in the CSRA requires arbitrators to issue the findings Wissman desires.

Wissman says that the board decision in *Brown v. Veterans Admin.*, 32 M.S.P.R. 696 (1987), requiring an administrative judge to comply with standards for drafting initial decisions set out by regulation, applies as well to arbitrators. But this is nothing more than the board's directive to its subordinate officials to proceed according to established regulatory procedures. Indeed, *Brown*, and the precedent on which it relies, *Spithaler v. Office of Personnel Management*, 2 MSPB 2, 1 M.S.P.R. 587 (1980), apply only to opinions issued by subordinate deciding officials, not to the board itself. Of course, it is to board decisions that the awards of arbitrators are compared upon appellate review. *See* 5 U.S.C. § 7121(f).

After reviewing the contentions of the parties and weighing the credible evidence, the arbitrator determined that Wissman was generally incapable of performing his duties and that his removal was in accordance with applicable laws and regulations. His careful and thorough opinion reflects

full consideration of both the factual and legal issues involved.

### Conclusion

Accordingly, the award of the arbitrator is

AFFIRMED.