889 F.2d 1099
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Debra VAN METER, Petitioner
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 89-3329.
 United States Court of Appeals, Federal Circuit.
 Oct. 3, 1989.
 
 Before FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 BALDWIN, Senior Circuit Judge.
 
 
 1
 Debra Van Meter (petitioner) appeals the decision of the Merit Systems Protection Board (board), Docket No. HQ 71218810014, denying her request for a review of an arbitrator's decision as untimely and without good cause to excuse her untimeliness. We affirm.
 
 OPINION
 
 2
 Pursuant to 5 C.F.R. Sec. 1201.154(b) (1989), an employee may request the board to review an arbitrator's final decision within 20 days after receipt of such decision. This time limit may be waived where the employee can show good cause for the delay in filing. 5 C.F.R. Sec. 1201.12 (1989). Also, under 5 U.S.C. Sec. 7702(f) (1988), an employee shall be treated as having timely filed an appeal when such appeal was timely filed at the wrong agency.
 
 
 3
 Van Meter's deadline for requesting a board review of the arbitration award was July 7, 1988. Her representative filed an appeal with the Equal Employment Opportunity Commission (EEOC) on July 15, 1988 and filed an untimely request for review by the board and a motion for a waiver of the 20-day time limit on September 8, 1988.
 
 
 4
 This court has previously said that a decision to waive a regulatory time limit is a matter committed to the board's discretion and we will not substitute our judgment for that of the board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). We have considered Van Meter's arguments but they do not persuade us that an abuse of discretion has occurred.
 
 
 5
 The record shows that the board considered the fact that the arbitration award was initially received unsigned and undated. In arriving at its conclusion that the EEOC filing was untimely, the board specifically noted that Van Meter's representative waited two weeks before returning the award to the arbitrator for signing. Also, there is no procedural requirement that the award itself be signed. "The only procedures an arbitrator must follow are those specified in the collective bargaining agreement, in the submission of the parties to the arbitrator, or required by statute." Wissman v. Social Security Admin., 848 F.2d 176, 178 (Fed.Cir.1988). Petitioner has not demonstrated that any of those required the arbitrator's signature here. We further note that (per the government and unrebutted by petitioner) the original decision was accompanied by a signed letter.
 
 
 6
 The board also carefully considered Van Meter's assertion that she and her representative were unaware of the regulation's requirement to first file with the board (rather than the EEOC), and found this excuse inadequate to show good cause in light of Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980). We note in that regard that it is well settled law that an appellant is responsible for the actions of her representative. Whitaker v. Merit Sys. Protection Bd., 784 F.2d 1109, 1110 (Fed.Cir.1986).