Gary E. BLOOMER, Petitioner,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES,
Respondent.

No. 91–3351.

United States Court of Appeals,
Federal Circuit.

June 9, 1992.

Suggestion for Rehearing In Banc
Declined Sept. 11, 1992.

Order Declining In Banc Suggestion
Withdrawn Sept. 22, 1992.

Dale L. Ingram, Jolley, Walsh & Hager, P.C., Kansas City, Mo., argued, for petitioner.

Janet Braggs, Asst. Regional Counsel, Kansas City, Mo., argued, for respondent. With her on the brief was Frank V. Smith, III, Chief Counsel, Dept. of Health and

Human Services. Of counsel was James M. Kinsella and David M. Cohen.

Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.

LOURIE, Circuit Judge.

Gary E. Bloomer petitions for review of the April 15, 1991 decision of an arbitrator, No. KC–90–R–001, sustaining his removal by the Mid–America Program Service Center of the Department of Health and Human Services, Social Security Administration (the "agency"), and reversing the arbitrator's prior decision of August 30, 1990. We hold that OPM's petition for reconsideration was untimely filed after the original decision became final. Accordingly, we vacate the April 15, 1991 decision.

## BACKGROUND

From March 1981 through September 8, 1989, Bloomer was employed by the Mid–America Program Service Center as a management analyst. A proposal to remove Bloomer issued on August 4, 1989 and was approved on September 7, 1989. The American Federation of Government Employees, Local 1336, AFL–CIO, (the "union") filed a grievance on behalf of Bloomer and a hearing was held before Arbitrator Patrick J. Halter. The arbitrator's August 30, 1990 decision found that the agency did not act in conformance with 5 U.S.C. § 4303(b)(1)(D)(i) (1988), which requires an agency to issue a written decision specifying the instances of unacceptable performance on which the removal of an employee is based, and he reinstated Bloomer to his position.

On November 2, 1990, 64 days after the original decision issued, the Director of the United States Office of Personnel Management (OPM) intervened and filed a petition for reconsideration in light of 5 U.S.C. § 7703(d) (1988).[1] OPM stated that it received a copy of the arbitrator's decision on October 3, 1990, although the decision is-

sued on August 30, 1990. The arbitrator granted the petition and reversed his prior decision, finding that unacceptable performance was specified and therefore that substantial evidence supported Bloomer's removal. Bloomer petitions for review by this court.

## DISCUSSION

■ The issue before us is whether the arbitrator erred as a matter of law in granting OPM's petition for reconsideration. Bloomer argues that OPM's petition was not filed in a timely manner and therefore should not have been accepted by the arbitrator. This court previously determined in *Devine v. Sutermeister*, 724 F.2d 1558, 1562 n. 4 (Fed.Cir.1983), that "the 30–day time period within which OPM may seek reconsideration runs from the date OPM *receives notice* of the decision of ... the arbitrator" (emphasis added). That requirement was met by OPM and the arbitrator so held. However, Bloomer argues that *Sutermeister* was decided prior to the adoption of 5 C.F.R. § 1201.118(b) and the "receives notice" rule of that case no longer applies. We must decide whether that argument is correct and interpret how and whether section 1201.118(b) as it now exists applies to an arbitrator.

Section 1201.118 was adopted in 1986 to set forth the procedure for processing OPM petitions for reconsideration as authorized by 5 U.S.C. § 7703(d). *See* 51 Fed. Reg. 25,146 (July 10, 1986). It required filing of petitions for review "within 30 days after the date of the Board's final order." In 1989, the Merit Systems Protection Board effected an amendment to 5 C.F.R. § 1201.118(b) and it rejected the *Sutermeister* rule. 54 Fed.Reg. 2083 (January 19, 1989). Specifically, the Board stated:

> ... Adoption of the *Sutermeister* rule would require the Board to serve all of its decisions on OPM by certified mail with a return receipt in order to determine the date on which OPM received

---

1. Section 7703(d), in relevant part, states that "the Director may not petition for review of a Board decision under this section unless the

Director first petitions for a reconsideration of its decision, and such petition is denied."

notice of the decision. That procedure is unduly expensive and burdensome. On the other hand, the current § 1201.118(b) may not provide adequate time for OPM's review of the decision since the 30–day period starts to run from the date of the Board's decision.

This revision, requiring OPM to file its petition within 35 days after the date of service of the Board's final decision or order, would be administratively feasible and, because it allows five days for delivery, it would also effectuate the purpose of the court's rule in *Sutermeister.*

*Id.*

The Board's amendment indicated that the time limit for filing a petition for reconsideration was lengthened by five days, *i.e.,* from 30 to 35 days, to allow for mailing, and that the 35 days were to be measured from the date of service. Thus, under the current regulation, petitions for reconsideration must be filed "within 35 days after the *date of service* of the Board's final order," 5 C.F.R. § 1201.118(b) (1989) (emphasis added). The date of service, according to 5 C.F.R. § 1201.4(j), is "[t]he date on which documents are served on other parties." Service is defined as "[t]he process of furnishing a copy of any pleading ... either by mail, by facsimile, or by personal delivery." 5 C.F.R. § 1201.4(i). "A person, an agency, or an intervenor, *who is participating* in a Board proceeding" is a party. 5 C.F.R. § 1201.4(e) (emphasis added). Accordingly, section 1201.118(b) and the definitions provided in section 1201.4 dictate that OPM has 35 days to file a petition for reconsideration measured from

the date the decision is mailed or otherwise sent to the *parties.*

In the present case, OPM was not a participating party at the time the arbitrator served the decision and the reconsideration period must date from the time the parties were served. Thus, OPM had 35 days in which to file a petition from the date the arbitrator's original decision was served on the union and the agency. Since the union received the decision on September 4, 1990, this was the latest date from which service could be measured.[2] Therefore, under 5 C.F.R. § 1201.118(b), OPM had until October 9, 1990 in which to file its petition. OPM did not meet this deadline.[3]

According to the agency, the arbitrator correctly relied on *Sutermeister* to determine the proper filing deadline for a petition for reconsideration. However, as previously stated, *Sutermeister* was decided prior to the adoption of section 1201.118 and is therefore no longer controlling.

The agency contends that even if the petition for reconsideration was not timely filed, an arbitrator, like the Board, can reopen and reconsider a case on his own motion. *See* 5 U.S.C. § 7701(e)(1)(B) ("any decision under subsection (b) of this section shall be final unless ... the Board reopens and reconsiders a case on its own motion"); 5 C.F.R. § 1201.117 ("The Board may reopen an appeal and reconsider a decision of a judge on its own motion at any time"). In the case before us, however, the arbitrator did not reopen the case on his own motion, but rather did so only in response to OPM's untimely motion.[4] He relied on *Sutermeister,* which was no longer applica-

---

**2.** Because we do not know the exact date of service, for the purpose of our discussion we will assume that service was on the received date of September 4.

**3.** We note that in Federal Personnel Manual Letter 711–160 (July 13, 1981), the Director of OPM stated that

agencies should assure that ... two copies of all arbitration awards arising under 5 U.S.C. 7121(f) are sent to OPM's Office of Labor–Management Relations ... within five (5) days of receipt of the award. Rapid receipt of these awards is necessary in that ... only OPM, or an employee adversely affected or

aggrieved by the award of an arbitrator, may seek review of that award; and OPM is given a limited time in which to seek that review....

Thus, an affected agency, not an arbitrator, is responsible for ensuring that decisions are sent to OPM. If OPM needed more time in which to file its petition for reconsideration, it could have filed a request for extension of time or a motion showing good cause for an untimely filing. *See* 5 C.F.R. §§ 1201.113(d), 1201.114(f). OPM did not do so here.

**4.** Because the arbitrator did not reopen the case on his own motion, we need not address whether an arbitrator has the authority to do so.

ble. Thus, we find the agency's contention unpersuasive.

 The agency further argues that although an arbitrator is bound by the Board's substantive rules, he is not bound by the Board's procedural rules. More specifically, the agency contends that the time limit for petitioning for reconsideration of a Board's decision does not apply to an arbitrator's decision. We disagree with this contention.

An arbitrator is not bound by rules of the Board which relate to the Board's own internal procedures. *See Wissman v. Social Sec. Admin.*, 848 F.2d 176, 178 (Fed. Cir.1988) (arbitrators are required to apply the Board's substantive rules, "[b]ut this has nothing to do with the rules of practice and procedure which the board may implement for its own internal purposes.") However, an arbitrator is bound by Board procedures relating to conditions of an appeal. Pursuant to 5 U.S.C. § 7121(f), "[i]n matters covered under sections 4303 and 7512 ... section 7703 of this title pertaining to judicial review shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the Board." Under 5 U.S.C. § 7703(d), OPM is required to seek reconsideration of an arbitrator's decision before judicial review can be sought. Thus, petitioning for reconsideration is a condition of an appeal, not an internal procedure of the Board, and the time limit of 5 C.F.R. § 1201.118(b) applicable to reconsideration of Board decisions also applies to arbitrators' decisions.

We have considered the agency's other arguments and find them to be without merit.

## CONCLUSION

We therefore hold that OPM's petition for reconsideration of the arbitrator's August 30, 1990 decision was not timely filed. Accordingly, we vacate the arbitrator's April 15, 1991 decision and let stand the decision of August 30, 1990.

## COSTS

Costs to Bloomer.

VACATED.