82 F.3d 434
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald SEGURA, Petitioner,
v.
DEPARTMENT OF The AIR FORCE, Respondent.
 No. 95-3616.
 United States Court of Appeals, Federal Circuit.
 March 26, 1996.
 
 Before RICH, MICHEL, and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Donald Segura petitions for review of the Arbitrator's final decision affirming the Air Force's decision to remove Segura from his position of Maintenance Mechanic, WG-4749-10, on the basis of charges of theft and unauthorized possession of government property. We affirm.
 
 
 2
 * Segura contends that the Arbitrator's decision should be reversed for two reasons. First, although the record clearly contains sufficient evidence upon which the Arbitrator could conclude that the charge of theft was proven, Segura argues that the failure of the Arbitrator's decision to state expressly in detail that the charge of theft was proven requires us to hold that the charge of theft was not proven. The Arbitrator's written decision only stated, with regard to the theft charge, that "one must conclude that the Grievant committed the misconduct charged." Segura cannot complain that the Arbitrator did not render a more complete explanation of why the evidence in the case proved that Segura had committed theft under the test set forth by this court in King v. Nazelrod, 43 F.3d 663 (Fed.Cir.1995). Indeed, we have held repeatedly that an Arbitrator is not required to make specific findings of fact. See Wissman v. Social Security Administration, 848 F.2d 176, 178 (Fed.Cir.1988); Gonce v. Veterans Administration, 872 F.2d 995, 999 (Fed.Cir.1989), cert. denied, 493 U.S. 890 (1989); Girani v. FAA, 924 F.2d 237 (Fed.Cir.1991).
 
 
 3
 Because ample evidence was introduced by the Air Force to prove the elements of theft under Nazelrod, we affirm the Arbitrator's decision that Segura committed theft of government property. Segura does not challenge the Arbitrator's decision that he also committed the offense of unauthorized possession of government property.
 
 
 4
 Segura's second contention fares no better. Segura contends that although three others who stole the same kind of property he did, (specific property of the base, and property sent to the base by another base which was closing (base closure assets)) were also removed, he should receive a lesser penalty because yet another thief stole only base closure assets. Segura's would-be claim of disparate treatment in the degree of penalty must fail because of the clear and unmistakable factual difference between the property he stole and that stolen by the lesser punished employee, especially in the light of the Air Force's admission that there may have been some doubt as to whether the base closure assets could be taken. No doubt, however, could justify theft of the specific property of the base.
 
 II
 
 5
 We affirm the decision of an Arbitrator that is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or if obtained procedurally contrary to law, rule or regulation, and if not supported by substantial evidence. 5 U.S.C. §§ 7121(f); 7703(c) (1994). The Arbitrator's decision in this case is none of those things.