NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3085

DONNIE WEBB,

Petitioner,

v.

FEDERAL BUREAU OF PRISONS,

Respondent.

Patricia J. McGowan, of Baltimore, Maryland, for petitioner.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director. Of counsel was Claudia Burke, Trial Attorney.

Appealed from:  Arbitrator Decision

# United States Court of Appeals for the Federal Circuit

2007-3085

DONNIE WEBB

Petitioner,

v.

FEDERAL BUREAU OF PRISONS,

Respondent.

Petition for review of an arbitrator's decision in FMCS No. 05-05272, by Floyd L. Wood.

_____

DECIDED: March 20, 2008

_____

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Donnie Webb was removed from his position as a correctional officer with the Federal Bureau of Prisons ("BOP") for conduct unbecoming a correctional officer. Following his removal, Webb's union, the Council of Prison Locals, American Federation of Government Employees Local 171, filed a grievance on his behalf, which the parties agreed to resolve through arbitration.[1] A hearing was then held before a

_____

[1] Under 5 U.S.C. § 7121(e)(1), federal employees who are union members may challenge their removal through arbitration rather than by appealing directly to the Merit Systems Protection Board ("Board"). Wissman v. Social Sec. Admin., 848 F.2d 176, 177 (Fed. Cir. 1988).

neutral arbitrator, Floyd L. Wood ("Arbitrator"). Following the hearing, the Arbitrator denied Webb's grievance on the ground that his removal was proper in light of the evidence of his misconduct presented by the BOP. On appeal, Webb argues that the Arbitrator's decision violates 5 C.F.R. § 1201.111(b)(1), which requires that an initial decision must contain "[f]indings of fact and conclusions of law upon all the material issues of fact and law presented on the record." Webb also argues that the Arbitrator's decision was not supported by substantial evidence. We affirm the denial of Webb's grievance because 5 C.F.R. § 1201.111(b)(1) does not apply to arbitration decisions and because the Arbitrator's decision was supported by substantial evidence.

Under 5 U.S.C. § 7121(f), an arbitrator's decision regarding an adverse action listed in 5 U.S.C. § 7512 is reviewed "in the same manner and under the same conditions as if the matter had been decided by the [Merit Systems Protection] Board." Here, Webb's grievance is based upon a removal, which is an adverse action under 5 U.S.C. § 7512(1). Accordingly, under § 7121(f) the Arbitrator's denial of Webb's grievance is reviewable on the same basis as we review a decision by the Board.

This court has jurisdiction to review final decisions of the Board under 28 U.S.C. § 1295(a)(9). However, the scope of our review of a decision of the Board is limited by statute. We must affirm a decision of the Board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

By choosing arbitration, Webb selected "a dispute resolution method that is generally faster, cheaper, and less formal than litigation." Wissman, 848 F.2d at 177-78 (internal quotation omitted). With these advantages of arbitration, however, "also come some disadvantages associated with the alacrity and informality with which arbitration proceedings are conducted." Id. at 178. In particular, although an arbitrator must follow the same substantive rules as the Board in reviewing an agency disciplinary action, an arbitrator is not bound by the Board's internal procedural regulations. Id.; see also Bloomer v. Dep't of Health and Human Servs., 966 F.2d 1436, 1439 (Fed. Cir. 1992) ("An arbitrator is not bound by rules of the Board which relate to the Board's own internal procedures. . . . However, an arbitrator is bound by Board procedures relating to conditions of an appeal.").

In this case, Webb argues that the Arbitrator's decision denying his grievance should be vacated for failure to comply with 5 C.F.R. § 1201.111(b)(1). Section 1201.111(b)(1) is a Board regulation which requires that an administrative judge's initial decision must contain "[f]indings of fact and conclusions of law upon all the material issues of fact and law presented on the record." Because § 1201.111(b)(1) only applies to the form of the initial decision, it is neither a substantive regulation nor a condition of an appeal, but rather an internal procedural regulation of the Board. Accordingly, the Arbitrator was not bound to comply with § 1201.111(b)(1). See Bloomer, 966 F.2d at 1439; see also Wissman, 848 F.2d at 178 (holding that, absent a contractual or statutory obligation, an arbitrator is not required to set forth an arbitration award in a specific form).

Webb also argues that the Arbitrator's decision is not supported by substantial evidence. We disagree. Webb concedes in his brief that the BOP presented testimonial and documentary evidence in support of his removal. (Petr.'s Br. 7) Indeed, the BOP presented affidavits signed by BOP employees stating, inter alia, that Webb brought knives into the prison without authorization; that Webb refused to comply with an order from his superior that he provide a copy of the Koran to an inmate; that Webb violated his specific post orders in refusing to accompany a BOP nurse as she handed out medications to inmates; that Webb threatened a fellow correctional officer by placing a knife to his throat; and that Webb has the potential to become dangerously violent. After considering the evidence presented by the BOP and finding that Webb's accounts of these and other events were not credible, the Arbitrator concluded that Webb was properly removed from the BOP for conduct unbecoming a correctional officer. Given this record, there is substantial evidence to support the Arbitrator's decision.

For the foregoing reasons, we affirm the Arbitrator's denial of Webb's grievance.

No costs.