(Emphasis added.) Section 657-5 states, in pertinent part:
Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended ....
(Emphasis added.)
The Hawai'i Intermediate Court of Appeals has recognized that Haw. Rev. Stat. § 657-7.3 contains a six-year statute of repose. Estate of Baba v. Kadooka, No. CAAP-12-0000420, 2013 WL 5676083, at *3 (Hawai'i Ct. App. Oct. 18, 2013) ; see also Mamea, 2011 WL 4371712, at *8-9 (stating "this Court could reasonably conclude that the six-year limitation period in § 657-7.3 is a statute of repose based on the Hawai'i Supreme Court's description in" Yamaguchi v. Queen's Medical Center, 65 Haw. 84, 89, 648 P.2d 689, 692-93 (1982) ).[5]
*808 Section 657-7.3 addresses medical torts and states, in pertinent part:
No action for injury or death ... shall be brought more than two years after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, but in any event not more than six years after the date of the alleged act or omission causing the injury or death . This six-year time limitation shall be tolled for any period during which the person has failed to disclose any act, error, or omission upon which the action is based and which is known to the person.[6 ]
§ 657-7.3(a) (emphasis added).
The language in § 514B-94(b) - "no action shall be brought for the recovery of the purchase price after two years from the date of the sale" - is similar, although not identical, to the language in the recognized statutes of repose. Like §§ 657-5, 657-7.3(a), and 657-8(a), § 514B-94(b)"sets an outer time limit that is an absolute bar to a claim, regardless of whether the claim has accrued." See Mamea, 2011 WL 4371712, at *8. Plaintiffs, however, urge this Court to adopt the interpretation of § 514B-94(b) that has been adopted by a Hawai'i circuit court judge and an arbitrator, both of whom concluded that § 514B-94(b) is a statute of limitations that is subject to the discovery rule. In LoPresti, et al. v. Haseko (Hawaii), Inc., et al., Civ. No. 13-1-195-07 GWBC, a judge in the State of Hawai'i First Circuit Court orally denied the defendants' motion for summary judgment on the plaintiffs' Chapter 514B claim. [Mem. in Opp., Decl. of Terrance M. Revere ("Revere Decl."), Exh. 5 (trans. of 1/21/15 hrg.) at 10.] In his inclinations, the circuit judge stated:
If the court were to apply the 2-year statute of limitation in section 514B-94 literally, that would result in an undue hardship upon plaintiffs. It would leave plaintiffs with only one month for the Loprestis and two months for the Tylers - Mr. Tyler to, number one, realize that they may have a right to sue Haseko; number two, find and hire a lawyer; number three, have the lawyer conduct their [Haw. R. Civ. P.] 11 investigation and to draft and file the complaint. That is patently unfair under such short time limitations.
Under these circumstances, equity must intervene and apply a discovery rule to enable plaintiffs to have 2 years after Haseko announces its intent to change the marina into a lagoon within which to file an action.
HRS section 514B-10(a) provides that the remedies provided by chapter 514B shall be liberally administered. That mandate requires the court to apply the discovery rule to this case.
Therefore, the court is inclined to deny the motion for summary judgment as to the Loprestis and Mr. Tyler based on the applicable statute of limitation and the application of the discovery rule.
*809 [Id. at 6-7.] The circuit judge's ultimate ruling was consistent with his inclination. [Id. at 10.] The arbitrator's award in Johnson, et al. v. Kauai Lagoons LLC, et al., DPR No. 16-0461-A (Dispute Prevention & Resolution, Inc., Hawai'i), included similar reasoning. [Revere Decl., Exh. 6 (Partial Final Award of Arbitrator, dated 10/16/17, in Johnson ) at 4-5.] However, neither LoPresti nor Johnson are binding in this case.
This Court "may look to state trial court decisions as persuasive authority, but those decisions are not binding on the federal court." See Galima v. Ass'n of Apartment Owners of Palm Court ex rel. its Bd. of Dirs., CIVIL 16-00023 LEK-KSC, 2017 WL 1240181, at *6 (D. Hawai'i Mar. 30, 2017) (internal quotation marks, brackets, and some citations omitted) (citing Spinner Corp. v. Princeville Dev. Corp., 849 F.2d 388, 390 (9th Cir. 1988) ; King v. Order of United Commercial Travelers of America, 333 U.S. 153, 161, 68 S.Ct. 488, 92 L.Ed. 608 (1948) ). Further, "it is a basic ten[e]t of American jurisprudence that arbitration awards have no precedential value." Cal. v. Iipay Nation of Santa Ysabel, CASE NO. 3:14-cv-02724-AJB-NLS, 2016 WL 10650810, at *12 (S.D. Cal. Dec. 12, 2016) (internal quotation marks and some citations omitted) (citing Smith v. Kerrville Bus. Co., 709 F.2d 914, 918 n.2 (5th Cir. 1983) ; Gonce v. Veterans Admin., 872 F.2d 995, 998 (Fed. Cir. 1989) ), aff'd , 898 F.3d 960 (9th Cir. 2018). To the extent this Court could consider LoPresti and Johnson as persuasive authority, this Court declines to do so because it respectfully disagrees with the analysis in those cases.
First, LoPresti and Johnson are contrary to the plain language of § 514B-94(b), which states the limitations period begins to run "from the date of the sale" of the condominium, which precludes an interpretation that the period runs from the date the plaintiff discovers, or should have discovered, her claim. See generally Thomas v. Kidani, 126 Hawai'i 125, 132, 267 P.3d 1230, 1237 (2011) (describing Hawaii's discovery rule). LoPresti and Johnson each relies on the Hawai'i legislature's mandate that the remedies in Chapter 514B "be liberally administered to the end that the aggrieved party is put in as good a position as if the other party had fully performed." See Haw. Rev. Stat. § 514B-10(a). However, while § 514B-10(a) requires that the remedies specified in Chapter 514B be "liberally administered," neither that provision nor any case law interpreting it requires that Chapter 514B be interpreted liberally to create remedies that are not specified within the chapter's provisions. Cf. DeRosa v. Ass'n of Apartment Owners of the Golf Villas, 185 F.Supp.3d 1247, 1253 (D. Hawai'i 2016) (predicting that the Hawai'i Supreme Court would hold that Haw. Rev. Stat. §§ 514B-9 and 514B-10 do not create a cause of action for selective enforcement of a condominium's governing documents).
LoPresti also relied upon the harsh effect that § 514B-94(b) would have if it was construed as a statute of repose, particularly because the limitations period is only two years. However, a potentially harsh effect exists with any statute of repose. "Statutes of repose effect a legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time.' " CTS, 573 U.S. at 9, 134 S.Ct. 2175 (some citations omitted) (quoting C.J.S. § 7, at 24). The United States Supreme Court recognized a statute of repose can expire without "the injury ... hav[ing] occurred, much less hav[ing] been discovered." Id. at 8, 134 S.Ct. 2175 (citation and internal quotation marks omitted). Further, in considering whether the short limitation period precludes *810 § 514B-94(b) from being a statute of repose, this Court must also consider the fact that the remedy allowed by § 514B-94(b) is the drastic remedy of rescission. See, e.g., Wilkins v. Wells Fargo Bank, N.A., Civil No. 2:15CV566, 2016 WL 6775692, at *6 (E.D. Va. Nov. 15, 2016) (referring to rescission as a "drastic remedy"); Frey v. Grumbine's RV, Civil No. 1:10-CV-1457, 2010 WL 4718750, at *17 (M.D. Pa. Nov. 15, 2010) (same); Times Mirror Magazines, Inc. v. Field & Stream Licenses Co., 103 F.Supp.2d 711, 728 (S.D.N.Y. 2000) (same), aff'd , 294 F.3d 383 (2d Cir. 2002).
Finally, this Court notes that a plaintiff's inability to obtain remedies under Chapter 514B because of the statute of repose does not prevent her from obtaining contractual remedies, common law remedies, or remedies provided by other statutes. See, e.g., Haw. Rev. Stat. § 514B-87(e) ("This section [- titled 'Rescission after sales contract becomes binding' -] shall not preclude a purchaser from exercising any rescission rights pursuant to a contract for the sale of a unit or any applicable common law remedies."). Even if Meyer's Chapter 514B claim is barred by the statute of repose, her equitable claims, tort claims, and other statutory claims remain in this case.
For the foregoing reasons, this Court predicts that the Hawai'i Supreme Court would hold that the two-year period in § 514B-94(b) is a statute of repose. Because Meyer failed to bring her Chapter 514B claim within two years after the date she purchased her condominium, and because statutes of repose are not subject to equitable tolling, Meyer's claim is time-barred. There are no genuine issues of material fact and Defendants are entitled to summary judgment as to Meyer's claim in Count I. See Fed. R. Civ. P. 56(a).
III. Decertification
Because Meyer is the only Class representative for Count I, see supra note 2, the Class is now without a representative for Count I. The deadline to add parties and amend pleadings in this case passed on February 1, 2019. [Rule 16 Scheduling Order, filed 4/11/18 (dkt. no. 84), at ¶ 5.] The Rule 16 Scheduling Order "may be modified ... for good cause," see Fed. R. Civ. P. 16(b)(4), but this Court's ruling on the instant Motion does not constitute good cause. The instant case has been pending in this district court since November 1, 2016, and adding a new Class representative for Count I at this advanced stage would unduly delay the resolution of the case. See Rule 16 Scheduling Order at ¶ 1 (September 4, 2019 trial date), ¶ 7 (April 3, 2019 dispositive motions deadline). This is well-known to Plaintiffs who have long been aware of the potential timeliness issue regarding Count I. See 9/27/18 Order, 2018 WL 4656391, at *3-4 (discussing statutes of repose and the discovery rule with regard to Plaintiffs' ULSPA claim).
In their opposition, Plaintiffs argue the statute of limitations for their ULSPA claim and the statute of limitations for their Chapter 514B claim are both subject to the discovery rule. [Mem. in opp. to Motion to Dismiss, filed 6/4/18 (dkt. no. 96), at 6-7.] This argument shows that, by June 4, 2018, Plaintiffs took the position that § 514B-94(b) was: 1) a statute of limitations instead of a statute of repose; and 2) subject to the discovery rule. Thus, Plaintiffs knew by that time that Meyer's Chapter 514B claim would be timely only if this Court accepted both of those positions. Plaintiffs could have moved for leave to add another Class representative whose Chapter 514B claim would be timely if this Court interpreted § 514B-94(b) as a statute of repose. In June 2018, Plaintiffs'
*811 motion for leave would not have required a good cause showing; only the liberal amendment standard would have applied. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Plaintiffs, however, did not seek leave to add another Class representative as to Count I.
Thus, Plaintiffs will not be allowed to identify a new Class representative for Count I because good cause does not exist to amend the Rule 16 Scheduling Order. Without a Class representative for Count I, the claim must be decertified. Cf. Hoffman v. Blattner Energy, Inc., 315 F.R.D. 324, 333 (C.D. Cal. 2016) ("In a complaint involving multiple claims, at least one named plaintiff must have Article III standing for each asserted claim." (citing In re Carrier IQ, Inc., Consumer Privacy Litig., 78 F.Supp.3d 1051, 1070 (N.D. Cal. 2015) ; Newberg on Class Actions § 2:5 (5th ed.) ) ). In light of the summary judgment ruling as to Meyer's Chapter 514B claim in Count I and the decertification of Count I, there are no remaining claims in Count I.
CONCLUSION
On the basis of the foregoing, Defendants' October 18, 2018 Motion to Dismiss and for Partial Summary Judgment as to First Claim for Relief (Condominium Property Act) in Class Plaintiffs' Second Amended Class Action Complaint for Damages, Declaratory, and Injunctive Relief Filed April 30, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is DENIED as to Defendants' request to dismiss Count I, and the Motion is GRANTED insofar as summary judgment is GRANTED in favor of Defendants as to Meyer's claim in Count I. Further, the Class is HEREBY DECERTIFIED as to Count I. Only Counts III through VIII remain in this case.
IT IS SO ORDERED.

In Mamea, this Court stated:
Although Yamaguchi does not use the term "statute of repose", it does state that § 657-7.3
impose[s] a six-year outer limitation on all suits computed from the date of the alleged act or omission regardless of whether the injury caused thereby had or should have been discovered by that time, which period would be tolled only by the defendant's withholding of information of alleged negligent conduct known or which should have been known to him.
65 Haw. at 89, 648 P.2d at 692-93. Yamaguchi also states that § 657-7.3"extinguishes a right of action six years after the date of the injurious act regardless of whether the right of action has accrued." Id. at 92 n.11, 648 P.2d at 694 n.11. The supreme court's discussion of the six-year limitation period in § 657-7.3 indicates that it is a statute of repose.
2011 WL 4371712, at *8 (alteration in Mamea ).

Statutes of repose are not subject to equitable tolling. CTS, 573 U.S. at 9, 134 S.Ct. 2175. The fact that § 657-7.3 contains statutory tolling provisions does not preclude a finding that the six-year period is a statute of repose. Mamea, 2011 WL 4371712, at *9.